# RAYMOND NARDO, P.C.
ATTORNEY AT LAW
129 THIRD STREET, MINEOLA, NY 11501
Phone: (516)248-2121 | Fax: (516)742-7675 | Email Raymondnardo@gmail.com

December 17, 2021

BY ECF

Magistrate Judge Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Sanchez v. ASPL Café, Inc., et. al.*
              21-CV-02679 (LDH)(RLM)

Hon. Magistrate Judge Mann:

I represent the plaintiff in the above matter, and this is in response to Your Honor's request for Plaintiffs to advise the Court why Plaintiffs opted for a voluntary dismissal of the action, without prejudice, rather than a stay.

I have represented at least six similarly situated Plaintiffs against the same Defendants, all of which arbitrated at the American Arbitration Association ("AAA"). In this case, due to COVID and the prolonged shutdown of the establishment, Defendants had trouble locating the Entertainer License Agreements, which contain the arbitration clause. The parties are obligated to arbitrate at the AAA, as intended by the Entertainer License Agreements.

As set forth in *Fenton v. Criterion Worldwide*, 2020 WL 1489795 (S.D.N.Y. 2020) at *7, "[t]he Second Circuit has held that a district court must stay an action – rather than dismiss it – if a party so requests . . ." citing, *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015)("[T]he text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested"). Based on the history of Defendants' cooperation in arbitrating these matters at the AAA, Plaintiffs prefer to dismiss from the Federal Court, without prejudice, and therefore do not request a stay of this action. The parties did not need recourse to the Federal court after filing 6 previous individual arbitrations, and Plaintiffs do not request that the Federal court retain jurisdiction over these cases through a stay.

Thank you for your consideration.

                                                   Respectfully submitted,

                                                   RAYMOND NARDO, ESQ.

RN:rn